UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM Q. RODRIGUEZ,<br><br>        Petitioner,<br><br>  vs.<br><br>DAN PACHOLKE,<br><br>        Respondent. | NO.  CV-07-382-RHW<br><br>ORDER DISMISSING FIRST AMENDED PETITION |

BEFORE THE COURT is Petitioner's First Amended Petition (Ct. Rec. 10). Petitioner, a prisoner at the Stafford Creek Corrections Center, is proceeding *pro se* and *in forma pauperis;* Respondent has not been served.

By Order filed March 28, 2008, the court noted Mr. Rodriguez's challenge to his 1996 Adams County convictions appeared untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1). The court noted Petitioner had not appealed his sentence and the state courts deemed his collateral attack untimely. The court directed Petitioner to amend the habeas petition to present an equitable basis to toll the running of the one year federal period of limitations.

After review of the First Amended Petition, the court finds Mr. Rodriguez has failed to comply with this directive. Once again, he

ORDER DISMISSING FIRST AMENDED PETITION -- 1

asserts his judgment and sentence is constitutionally invalid on its face based on his allegation he was not advised of his Sixth Amendment right to a jury trial prior to stipulating to an exceptional sentence. He claims this renders him "legally innocent" of the crimes of Second Degree Rape of a Child and Third Degree Rape of a Child and entitles him to file his federal habeas petition at any time.

Petitioner's contention is misplaced.  Under the actual innocence gateway of *Schlup v. Delo*, 513 U.S. 298 (1995), a petitioner's procedurally barred claim may be considered on the merits only if his claim of *actual* innocence is sufficient to implicate a fundamental miscarriage of justice. *Majoy v. Roe*, 296 F.3d 770, 775-76 (9th Cir. 2002).  Even if the actual innocence gateway could override the AEDPA's statute of limitations, *see Majoy*, 296 F.3d at 776, Mr. Rodriguez has failed to present sufficient evidence to show that it is more likely than not that no reasonable juror would have convicted him*, see Sistrunk v. Armenakis*, 292 F.3d 669, 673, 677 (9th Cir. 2002) (*en banc*) (*quotations and citations omitted*).

Petitioner fails to present "evidence of innocence so strong that [this court] cannot have confidence in [Mr. Rodriguez's guilty plea]." *Schlup*, 513 U.S. at 316; *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("actual innocence" means factual innocence, not mere legal insufficiency).   Here, Petitioner's conclusory allegation of "legal innocence" is insufficient to demonstrate "actual innocence" of the crimes charged.

Although granted the opportunity to do so, Petitioner has failed to demonstrate an equitable basis to toll the federal limitations

ORDER DISMISSING FIRST AMENDED PETITION -- 2

period and to allow him to proceed with his habeas petition at this time.  Therefore, **IT IS ORDERED** the First Amended Petition is **DISMISSED with prejudice** as untimely under 28 U.S.C. § 2244(d) .

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, enter judgment against Petitioner, forward a copy to Petitioner, and **close the file.**

**DATED** this 25th day of June 2008.


         s/Robert H. Whaley
          ROBERT H. WHALEY
    CHIEF UNITED STATES DISTRICT JUDGE


Q:\CIVIL\2007\rodriguez.7cv382rhw-6-2-dis.wpd

ORDER DISMISSING FIRST AMENDED PETITION -- 3